## OHIO SUPREME COURT—Continued

### No. 763

NEW AMSTERDAM CAS. CO. v. NORWALK
(City)

No. 19306. Supreme Court

On motion to certify. Dock. August 4, 1925;
3 Abs. 499.

165. BONDS—Should surety be liable on
official bond of treasurer for alleged default
in performance of duties as to sale and issu-
ance of improvement bonds when said official
signed treasurer's receipt upon assurance of
auditor, who had really negotiated the sale.

1235. VERDICT—Should a verdict have
been directed when there is a question as to
whether signing of certificate was proximate
cause of loss on part of city by reason of pur-
chaser of bonds issuing a defective check?

The city of Norwalk brought an action in
the Huron Common Pleas against the New
Amsterdam Casualty Co. to recover on the of-
ficial bond of Alvin B. Terry for an alleged
default in performance of his official duties
as city treasurer in connection with the sale,
issuance and delivery of certain street im-
provement bonds.

The bond for $10,000 of which the company
was surety read in part: "If said Alvin B.
Terry - - - - shall well and truly perform the
duties of his office, and account to Norwalk
for property and money coming into his hands
as treasurer, then this obligation shall be
void - -."

It seems that Terry signed a certificate, cer-
tifying the issue of bonds aggregating $53,-
720 to one, Bennett. Negotiations for the
sale of the bonds were entered into with Ben-
nett by L. D. Snook, who was city auditor
and clerk of the council, and upon assurance of
Snook that the certificate was the same kind
of a receipt all bond buyers requested, Terry
signed said paper without being shown Ben-
nett's check for the bonds and without even
seeing the bonds, which were in Bennett's
satchel. It developed that Bennett sold the
bonds to the Guardian Bank of Cleveland and
when Snook attempted to cash Bennett's check,
which was post dated, it was discovered that
Bennett had less than $100 to his credit at the
time. He absconded and has not been located
since.

The Common Pleas Court directed a ver-
dict in favor of Norwalk on its own motion and
this judgment was affirmed by the Court of
Appeals on prosecution of error.

The case is pending in the Supreme Court
on motion to certify and it is contended by
the Company that Terry's signing of the cer-
tificate was not an official act so that his
surety could be charged, for the loss, if any,
consequent upon it; that even if held to be
an official act; the question of whether it was
the proximate cause of any loss to the city was
for the jury; that the law imposed no duty
upon Terry on connection with the authoriza-
tion, custody, sale or delivery of the bonds or
payment therefor, excepting a duty to receive
from the auditor and finance committee of the
council that part of the purchase price paid
to them, viz., the face value of the bonds,
required to be deposited in the city treasury;
and that even if Terry was under a duty to
demand payment of debts due the city, it

could not arise unless he know that the bonds
were not paid for and hence that Bennett was
indebted to the city; this being a question for
the jury.

"There is no proposition of law more firmly
settled in this state than that sureties are
not liable beyond the letter of their contract."
State v. Griffith, 74 OS. 80, 92. It is claimed
that a surety is not bound where the act does
not occur in an attempt to perform some legal
duty or exercise some legal power. It is
urged that whether or not Terry's alleged
disregard of his duties of treasurer is one of
the ultimate facts to be proven there being a
question as to whether or not the issuance
of the certificate was the proximate cause or
not of the loss, the question should have been
submitted to the jury.

It is contended that authority to issue in-
cludes authority to deliver, and delivery must,
under the law, be concurrent with payment.
Terry had a right to presume unless informed
to the contrary that the bonds issuing authori-
ties had already receive payment when the
bonds were delivered to Bennett by the bond
issuing authorities.

Attorneys—Demman, Wilson, Miller & Wall,
Toledo, for Company; Charles Suler, G. Roy
Craig and Rowley and Carpenter, Norwalk,
for City.